Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Stacy A. McKerlie (OSB No. 134230)
stacy@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **RICHARD BEEMER,** individually and on behalf of others similarly situated, | **CASE NO.**: 6:15-cv-01368 |
| Plaintiff, | **COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT; OREGON WAGE AND HOUR LAWS** |
| v. | Fair Labor Standards Act 29 USC § 201 et seq.; Oregon Wage and Hour Laws (ORS Chapter 652) |
| **UNIFIRST CORPORATION,** a Massachusetts Corporation, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff RICHARD BEEMER, on behalf of himself and all other similarly situated current and former employees of Defendant, brings this Fair Labor Standards Act ("FLSA") collective action and Fed R. Civ. P. Rule 23 class action Complaint for violations of the FLSA and Oregon Wage and Hour laws against Defendant, UNIFIRST CORPORATION, (hereinafter "UniFirst").  Plaintiff makes his allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1.      This is a collective and class action suit to recover unpaid overtime brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and statutory penalties under Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

2.      The FLSA requires employers to pay non-exempt employees overtime at one and one-half times the employee's regular rate of pay for hours worked over 40 in a workweek.  Plaintiff alleges that he and others are similarly situated as a result of Defendant's policy and practice of classifying its Route Sales Representatives ("RSRs") as exempt from the overtime compensation requirements of the FLSA and failing to pay overtime, and by Defendant's failure to pay all wages earned when due under Oregon Wage and Hour Laws.

3.       This action seeks compensatory and liquidated damages, attorney fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages when due, including the correct amount of overtime wages, and other relief pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Plaintiff and for all others similarly situated in the course of their employment with Defendant.

4.      Plaintiff and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is

conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

6.     Within the three years immediately preceding the filing of this Complaint, Defendant owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of Defendant's business was in excess of $500,000 per annum at all times material to this Complaint.

7.     Within the three years immediately preceding the filing of this Complaint, Defendant managed, owned and/or operated a uniform rental company, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business. By virtue of such control and authority, Defendant was an employer of Plaintiff, and all others similarly situated, as such term is defined by the Act.  29 U.S.C. § 201 *et. seq*.

8.     Defendant directly or indirectly acted in the interest of an employer towards Plaintiff within the three years immediately preceding the filing of this Complaint, including without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff and all similarly situated current and former employees of Defendant.

9.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in the District of Oregon.

### PARTIES

10.     Defendant UniFirst Corporation operates a uniform rental and janitorial supply services company based in Wilmington, Massachusetts with facilities throughout the United States, including Eugene, Oregon and Portland, Oregon.

11.      Defendant is subject to the Fair Labor Standards Act ("FLSA") and Oregon Wage and Hour Laws (ORS Chapter 652).

12.      Plaintiff Richard Beemer is a resident of Lane County, Oregon.

13.      Plaintiff was hired by Defendant as a Route Sales Representative ("RSR") at Defendant's Eugene, Oregon facility on or around November 29, 2010.  Plaintiff subsequently worked for a period of time as a District Service Supervisor at the same facility. On or around October 4, 2012, Plaintiff resumed working as an RSR. Defendant currently employs Plaintiff as an RSR at Defendant's Eugene, Oregon facility.

**FACTUAL ALLEGATIONS**

14.      Defendant maintains a warehouse in Portland, Oregon, where new and refurbished goods are stored as inventory for fulfillment of future customer needs. Defendant keeps these goods within Oregon until ordered by one of Defendant's customers in Oregon.

15.      Within the three years immediately preceding the filing of this Complaint, the majority of the work performed by Plaintiff and Defendant's other Oregon RSRs consists of picking up dirty uniforms, floor mats and various related items from Defendant's customers, and delivering clean uniforms, floor mats, and various related items to those same customers.

16.      Within the three years immediately preceding the filing of this Complaint, Plaintiff and Defendant's other Oregon RSRs also deliver new uniforms and other products to customers on their routes. The goods delivered come from the inventory maintained in Portland, Oregon. Plaintiff estimates that delivering new uniforms or other new products to Defendant's customers amounts to 2-5% of the work he performs.

17.    As an RSR, Defendant pays Plaintiff and the other Oregon RSRs on a "percentage-of-volume" basis based on the value of the accounts serviced by each RSR, which varies each workweek. Plaintiff is not paid an hourly rate of pay based on actual hours worked.

18.    Defendant tracks and records the hours worked by RSRs, including the number of overtime hours worked each week.

19.    Within the three years immediately preceding the filing of this Complaint until on or around June 2015, Defendant automatically reduced the number of hours worked each day by Plaintiff and similarly situated RSRs by 30 minutes for a meal break, regardless of whether or not the RSR was relieved of all duties for 30 continuous minutes.

20.    It is Defendant's policy and practice to classify RSRs as exempt from the overtime pay requirements of the FLSA and Oregon Wage and Hour Laws and to not pay overtime at one and one-half times an employee's regular rate of pay for hours worked over 40 in a workweek.

21.    At all times material to this Complaint, Plaintiff regularly worked and continues to work hours in excess of forty hours per workweek. Plaintiff's typical work schedule begins at 5:00 a.m. and continues until Plaintiff has completed his tasks for the day, often between 4:00 p.m. and 5:00 p.m. five days a week.

22.    For example, during the week of August 24, 2014, Plaintiff worked 55.5 hours, not including unpaid meal breaks. Plaintiff was not paid overtime. Plaintiff was not paid one half times his regular rate of pay as overtime compensation for the 15.5 hours worked over 40 during that workweek.

23.    Plaintiff has not been paid the correct amount of overtime compensation for hours he worked in excess of forty in any workweek while working as an RSR for Defendant.

24.     Within the three years immediately preceding the filing of this Complaint, Defendant knew or should have known when Plaintiff was working.

25.     Within the three years immediately preceding the filing of this Complaint until on or around June 2015, Defendant knew or should have known when Plaintiff did not receive a full 30-minute meal break.

26.     Within the three years immediately preceding the filing of this Complaint, Defendant knew how much it paid each workweek to Plaintiff.

27.     Within the three years immediately preceding the filing of this Complaint until on or around June 2015, Defendant had knowledge that Plaintiff did not receive 30-minute meal breaks because Defendant's supervisors would periodically accompany Plaintiff on his route.

28.     Plaintiff and similarly situated individuals are entitled to be paid compensation for all hours worked, including overtime hours, under the FLSA.

29.     Within the three years immediately preceding the filing of this Complaint, Defendant knew when its RSR employees were working more than forty hours in a workweek.

30.     At all material times, Defendant did not pay Plaintiff or other similarly situated individuals overtime pay calculated pursuant to the FLSA, for hours worked in excess of forty per workweek.

31.     Plaintiff and similarly situated individuals were all subject to the same company policies, payroll practices, and timekeeping practices of Defendant.

32.     Plaintiff brings this action on his own behalf, and on behalf of all similarly situated individuals seeking overtime compensation, liquidated damages, penalty wages, costs, and attorneys' fees arising from the law violations set forth herein.

33.      Within the three years immediately preceding the filing of this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime when due. Plaintiff and all similarly situated individuals are entitled to liquidated damages and penalties for Defendant's willful failure to pay overtime when due.

34.      Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him individually and on behalf of all similarly situated individuals, and has incurred attorney fees and costs in bringing this action.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations - 29 U.S.C § 207)**
**Collective Action**

35.      Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 34 above.

36.      Within the three years immediately preceding the filing of this Complaint, Plaintiff performed duties for the benefit of, and on behalf of, Defendant under employment terms and conditions set by Defendant.

37.      Within the three years immediately preceding the filing of this Complaint, Defendant was required to pay Plaintiff and the hereinafter-defined FLSA Class members in accordance with the overtime provisions of the FLSA.

38.      At all material times, Defendant classified Plaintiff and other similarly situated individuals as exempt from the overtime provisions of the FLSA.

39.      At all material times, Defendant failed to pay Plaintiff and other similarly situated individuals overtime at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

40.     Plaintiff brings this collective class action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, and related penalties and damages on behalf of himself and the following persons:

> All current and former Route Sales Representatives employed by Defendant UniFirst Corporation in Oregon since July 22, 2012 to the entry of judgment in this case, who worked over 40 hours in any workweek and were not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek (the "Collective Action Members").

41.     Plaintiff brings the FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 USC § 216(b).  The FLSA claims may be pursued by those Collective Action Members who opt-in to this case pursuant to 29 USC § 216(b).

42.     Plaintiff and other Collective Action Members are similarly situated by Defendant's policy of classifying them as exempt from the FLSA overtime provisions and by Defendant's failure to pay overtime at one and one-half times the employees' weekly regular rate of pay.

43.     Plaintiff individually, and on behalf of Collective Action Members, seeks relief on a collective basis, alleging the FLSA was violated when he and others were not paid the correct amount of overtime due to them under the FLSA.

44.     The number and identity of the other members of the putative Collective Action class may be readily determined from the records of Defendant, and potential opt-in Collective Action Members may be easily and quickly notified of the pendency of this action.  Collective Action Members may be notified of the pendency of the action by first-class mail, email, physical and online posting, and other available methods.

45.     Defendant's classification of Plaintiff and the Collective Action Members as exempt resulted in the underpayment of overtime to Plaintiff and the Collective Action Members, and

Defendant has not paid Plaintiff and the Collective Action Members the correct amount of overtime owed.

46.     Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff and Collective Action Members at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

47.     As a result of Defendant's failure to pay Plaintiff and Collective Action Members for all overtime earned, Plaintiff and Collective Action Members have incurred actual damages and are entitled to liquidated damages or a penalty under ORS 652.150, whichever is greater, but not both.

48.     Plaintiff's and the Collective Action Members' damages are readily ascertainable from Defendant's time and payroll records, which are in the custody and control of Defendant.

49.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and Collective Action Members have suffered damages and have also incurred costs and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(FRCP Rule 23 - Oregon Wage Class Action)**

50.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 49 above.

51.     Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of himself and the following class of persons:

> All current and former Route Sales Representatives employed by Defendant UniFirst Corporation in Oregon since July 22, 2012, to the entry of judgment in this case, who worked over 40 hours in any workweek and were not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek (the "Rule 23 Class Members").

52.    All Rule 23 Class Members who do not opt-out may pursue their Oregon state law claim if that claim is certified for class-wide treatment.

53.    Plaintiff's state law claims satisfy the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

   a.   Numerosity (Fed. R. Civ. P 23(a)(1)): This class action satisfies the numerosity standards.  Plaintiff is informed and believes, and therefore alleges that there may be at least twenty-five (25) putative Rule 23 Class Members.  As a result, joinder of all Rule 23 Class Members in a single action is impracticable.  The precise number of Rule 23 Class Members and their identities and contact information are unknown to Plaintiffs but can be easily ascertained from Defendant's personnel and payroll records.  Rule 23 Class Members may be notified of the pendency of the action by first-class mail, email, physical and online posting, and other available methods.

   b.   Commonality (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to all Rule 23 Class Members predominate over any questions affecting only individual members.  All Rule 23 Class Members were subject to the same payroll practices and misclassification that resulted in the failure to pay all wages earned when due to all Rule 23 Class Members.

   c.   Typicality (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claims are typical of Rule 23 Class Members' claims because:

      1.   Plaintiff and the Rule 23 Class Members were subject to the same payroll practices and company policies, including but not limited to, practices and policies relating to the classification of RSRs as exempt from overtime;

2.  Plaintiff and the Rule 23 Class Members were subject to the same payroll practices and company policies, including but not limited to, practices and policies relating to Defendant's failure to pay overtime to RSRs;

3.  Plaintiff, together with all Rule 23 Class Members, are owed unpaid overtime as a result of the classification of RSRs as exempt from overtime and failure to pay overtime;

4.  Plaintiff's claims are based on the same legal and remedial theories as those of the Rule 23 Class Members and have similar factual circumstances; and

5.  Plaintiff has suffered the same or similar injury as the Rule 23 Class Members.

d.  Adequacy of Plaintiff's Representation (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the class because:

1.  There is no conflict between his claims and the Rule 23 Class Members' claims;

2.  Plaintiff has retained counsel who are skilled and experienced, and who will vigorously prosecute the litigation;

3.  Plaintiff's claims are typical of the claims of the Rule 23 Class Members; and,

4.  Plaintiff and his counsel will fairly and adequately protect the interests of the Rule 23 Class Members.

54.  Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual Rule 23 Class Members, include but are not limited to:

a.  whether Defendant failed to pay Plaintiff and the Rule 23 Class Members premium pay for all hours worked in excess of forty (40) hours per workweek within the meaning of ORS 652.120 and/or ORS 652.140;

b.  whether Defendant misclassified Plaintiff and the Rule 23 Class Members as exempt from overtime; and

c.  whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs, and disbursements and attorney fees.

55.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claim.

56.     A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a.   There is minimal interest of members of this class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

    b.   Plaintiff is informed and believes, and therefore alleges, that current employees fear retaliation and job loss if they bring individual claims;

    c.   It is desirable to concentrate the litigation of these claims in this forum; and

    d.   There are no unusual difficulties likely to be encountered in the management of this case as a class action.

57.     The presentation of separate actions by individual Rule 23 Class Members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of Rule 23 Class Members to protect their interests.

58.     In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

59.     Within the three years immediately preceding the filing of this Complaint, Defendant failed to tender payment for all wages earned when due to Plaintiff and Rule 23 Class Members for all hours worked in excess of forty (40) in a workweek by Plaintiff and Rule 23 Class Members.

60.    Plaintiff's and the Rule 23 Class Members' penalty wages are readily ascertainable from Defendant's time and payroll records, which are in the custody and control of Defendant.

61.    At times material and subject to further discovery, Defendant failed to pay Plaintiff and Rule 23 Class Members for all wages earned when due, as required by ORS 652.120 and/or ORS 652.140.   By failing to pay the correct amount of overtime pay when due, either during employment or upon termination of employment, Defendant has violated ORS 652.120 and/or ORS 652.140, and is liable to Plaintiff and each Oregon Wage Class Member for penalty wages in amounts to be computed according to ORS 652.150.

62.    As a result of Defendant's willful failure to pay all wages earned when due to Plaintiff and those Rule 23 Class Members currently employed by Defendant, Defendant has violated ORS 652.120 and is liable to Plaintiff and those Rule 23 Class Members for penalty wages calculated according to ORS 652.150 in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

63.    As a result of Defendant's willful failure to pay Plaintiff and those Rule 23 Class Members formerly, but no longer, employed by Defendant all wages due within the time allowed following termination of employment, Defendant has violated ORS 652.140 and is liable to those Rule 23 Class Members for penalty wages calculated according to ORS 652.150 in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

64.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff and Rule 23 Class Members have suffered damages and have also incurred costs and reasonable attorney fees on behalf of all Rule 23 Class Members.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the Collective Action Members, and Rule 23 Class Members respectfully asks the Court to grant the following relief:

1.      On the First Claim, award Plaintiff and Collective Action Members their actual damages for unpaid overtime in an amount to be determined at trial plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207, or a penalty under ORS 652.150, whichever is greater, but not both;

2.      On the Second Claim, award Plaintiff and Rule 23 Class Members their penalty wages calculated according to ORS 652.150 for violations of ORS 652.120 and/or ORS 652.140 in amounts to be determined at trial;

3.      Award Plaintiff and the FLSA Class and Rule 23 Class Members their reasonable attorney fees and costs;

4.      Award Plaintiff and other similarly situated individuals their pre-judgment and post-judgment interest; and

5.      Award Plaintiff and other similarly situated individuals any and all such other legal and equitable relief as this Court deems just and proper.


///

///

///

///

///

///

14 –COLLECTIVE AND CLASS ACTION ALLEGATION COMPLAINT

DATED July 22, 2015.

Respectfully submitted,

__/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  980746
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

__/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

__/s Stacy A. McKerlie_____
Stacy A. McKerlie
E-mail: stacy@leimanlaw.com
Oregon State Bar No.:  134230
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff